# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

| | |
|---|---|
| JOSEPH CANNISTRA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) NO. 1:18-cv-00078 |
| | ) |
| R. KEVIN RODRIGUEZ, | ) JUDGE CAMPBELL |
| JUDGE RALPH C. STORRARD, and | ) |
| JO ANNE PALCHAK, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

For good cause shown, pro se plaintiff Joseph Cannistra's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. No. 2) is **GRANTED**, and the Clerk is **DIRECTED** to file the complaint in forma pauperis. 28 U.S.C. § 1915(a). However, for the reasons explained below the Complaint is **DISMISSED**.

### I.  Initial Review

Because Plaintiff proceeds in forma pauperis, the Court is required by 28 U.S.C. § 1915(e)(2) to conduct an initial review of the Complaint and to dismiss it if it is facially frivolous or malicious, fails to state a claim for which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs

dismissals for failure to state a claim under [§ 1915(e)(2)] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).

Thus, in reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). The court must then consider whether those factual allegations, accepted as true, "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). The court "need not accept as true legal conclusions or unwarranted factual inferences." *DirectTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). (quoting *Gregory v. Shelby Cty.*, 220 F.3d 433, 446 (6th Cir. 2000)). "[L]egal conclusions masquerading as factual allegations will not suffice." *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007).

A "pro se complaint . . . must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Even under this lenient standard, however, pro se plaintiffs must meet basic pleading requirements. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004).

## II.     Factual Allegations and Claims for Relief

Plaintiff names the following as defendants: R. Kevin Rodriguez, Judge Ralph C. Stoddard,[1] and Jo Anne Palchak. He invokes this Court's jurisdiction under 28 U.S.C. § 1343 and

---

[1] This defendant's name is spelled as "Storrard" in the case caption of the Complaint. In the body of the Complaint, this defendant is identified as Judge "Stoddard." The Court presumes that the spelling "Storrard" is the result of a typographical error and refers to this defendant as "Stoddard" in the body of this Order.

asserts claims under 42 U.S.C. § 1983 based on allegations that Defendants have violated his federal constitutional rights to due process, to seek redress from the courts, and to be free from cruel and unusual punishment.

In support of these claims, Plaintiff alleges, first, that Defendant Rodriguez, a resident of Tampa, Florida, served upon Plaintiff a Petition for Temporary Custody by Extended Family ("Custody Petition"), while Plaintiff was attending the funeral service for the deceased mother of his minor child in Hillsborough County, Florida. The Custody Petition sought temporary custody of Plaintiff's minor child.

The case was assigned to Judge Ralph C. Stoddard, Circuit Court Judge for the Thirteenth Judicial District, Tampa, Florida. Plaintiff filed a response to the Custody Petition and a Notice of Hearing, as well as his own Emergency Motion to Regain Parental Custody. Plaintiff alleges that Judge Stoddard "negligently proceeded with a hearing and ignored Florida statute," granted Rodriguez's Custody Petition, and denied Plaintiff's motion. (Doc. No. 1 at 3.) Plaintiff alleges that, in doing so, Judge Stoddard conspired with Rodriguez to violate Plaintiff's right to due process under the Fifth and Fourteenth Amendments to the United States Constitution.

Next, Plaintiff alleges that Judge Stoddard appointed defendant Jo Anne Palchak as Attorney ad Litem to represent Plaintiff's minor child in the custody proceeding. Plaintiff understood from an initial conversation with Palchak that her job was to establish what was in the best interest of Plaintiff's child. Plaintiff soon confirmed that Palchak had lied to him, acted in bad faith, and conspired with Judge Stoddard and Rodriquez to violate Plaintiff's right to due process.

Plaintiff filed a Motion to Dismiss the custody proceeding but Judge Stoddard, Palchak, and Rodriguez all failed to appear for the hearing noticed by Plaintiff. Plaintiff claims that this failure to appear violated his right to due process as well as his First Amendment right to redress

3

his grievance in court.

Finally, Plaintiff asserts that the separation of a child from her parents constitutes an act of cruelty in violation of the Eighth Amendment.

Plaintiff seeks an injunction requiring "immediate review and parental reunification," as well as monetary and punitive damages.

## III. Analysis

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must (1) allege a violation of a right secured by the federal Constitution or laws and (2) show that the violation was committed by a person acting under color of state law. *Wershe v. Combs*, 763 F.3d 500, 504–05 (6th Cir. 2014).

By its terms, Section 1983 applies only to persons acting "under color of" state law. Section 1983 does not address purely private conduct, even if the conduct is discriminatory or wrongful. *Mineo v. Tramp. Management of Tenn., Inc.*, 694 F. Supp. 417, 423 (M.D. Tenn. 1988); *Perdue v. Quorum, Inc.*, 934 F. Supp. 919, 922 (M.D. Tenn. 1996). A private party may be found to have acted under color of state law only when the party "acted together with or . . . obtained significant aid from state officials" and did so to such a degree that its actions may properly be characterized as "state action." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). An individual may also be considered a state actor if he or she exercises powers traditionally reserved to a state, *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 352 (1974), or if the private person "is a willful participant in joint action with the State or its agents. Private persons, jointly engaged with state officials in the challenged action, are acting 'under color' of law for purposes of § 1983 actions." *Dennis v. Sparks*, 449 U.S. 24, 27–29 (1980); *see also Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970) (finding Section 1983 applicable to store employee who agreed with a police officer to deny

service on the basis of plaintiff's race); *Cooper v. Parrish*, 203 F.3d 937, 952 n.2 (6th Cir. 2000) ("If a private party has conspired with state officials to violate constitutional rights, then that party qualifies as a state actor and may be held liable pursuant to § 1983.").

However, "conspiracy claims must be pled with some degree of specificity and . . . vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983." *Gutierrez v. Lynch*, 826 F.2d 1534, 1539 (6th Cir. 1987). Therefore, when proceeding under 42 U.S.C. § 1983 for civil conspiracy, a plaintiff must make some allegation of coordinated actions between the alleged conspirators. *See Bass v. Robinson*, 167 F.3d 1041, 1050 (6th Cir. 1999); *Collyer v. Darling*, 98 F.3d 211, 229 (6th Cir. 1996). Conclusory, vague accusations that do not describe some "meeting of the minds" cannot state a claim for relief under 42 U.S.C. § 1983. *Cahoo v. SAS Inst. Inc.*, 322 F. Supp. 3d 772, 811 (E.D. Mich. 2018)

In this case, it is clear that Defendant Rodriquez is a private individual. The Complaint contains no allegations suggesting that he is a state official or acting under color of state law. By filing the Custody Petition, he did not engage in the exercise of a power traditionally reserved to the state, nor has Plaintiff alleged facts that, if true, would show that he acted together with or obtained significant aid from state officials. Plaintiff asserts only that Judge Stoddard "conspired with [Rodriquez] to achieve the goal of" separating Plaintiff from his minor child. He does not identify any actual facts supporting the existence of such a conspiracy, such as a meeting of the minds or coordinated action. Plaintiff's assertions of a conspiracy are insufficiently specific to establish that defendant Rodriguez acted in concert with a state official to deprive Plaintiff of his federal constitutional rights. *See Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986) ("It is not enough for a complaint under § 1983 to contain mere conclusory allegations of unconstitutional conduct by persons acting under color of state law. Some factual basis for such

claims must be set forth in the pleadings."). Because the allegations in the Complaint do not establish that Rodriguez acted under color of law, the Section 1983 claim against him is subject to dismissal for failure to state a claim for which relief may be granted.

Jo Anne Palchak is the court-appointed attorney ad litem in the underlying child custody case. The Sixth Circuit has expressly recognized that, although there are significant links between an appointed guardian or attorney ad litem and the government, when a guardian reports to the court as an independent investigator, or acts as an advocate for the child, she is not a state actor for purposes of § 1983. *Reguli v. Guffee*, 371 F. App'x 590, 601 (6th Cir. 2010) (citing *Kirtley v. Rainey*, 326 F.3d 1088, 1095 (9th Cir. 2003)); *see also Holley v. Deal*, 948 F. Supp. 711, 715–16 (M.D. Tenn. 1996) ("Because a guardian ad litem owes his undivided loyalty to the minor whose interests he represents, courts have reasoned that guardians ad litem, like public defenders, do not act under color of state law in fulfilling their official duties." (citation omitted)). Plaintiff does not allege any facts suggesting that the stage exercised power over Palchak's judgment. Because she is not a state actor, Palchak is not subject to liability under Section 1983 either.

Alternatively, even if Palchak were found to be acting "under color of law," she would be absolutely immune from civil rights actions for damages. *See Kurzawa v. Mueller*, 732 F.2d 1456, 1458 (6th Cir. 1984) (finding that a guardian ad litem, like witnesses and other persons who are integral parts of the judicial process, is entitled to absolute immunity); *Holley*, 948 F. Supp. at 715 (guardian ad litem, if found to be a state actor, would be absolutely immune from suit for damages). For this reason too, the damages claims against Palchak are subject to dismissal. Although she would not be immune from suit for injunctive relief, the claims against her, like those against Judge Stoddard, are insufficiently specific to state a claim for which relief may be granted. *Accord Ismaiyl v. Brown*, No. 16-4308, 2018 WL 2273671, at *2 (6th Cir. Mar. 22, 2018) (affirming the

district court's determination that a guardian ad litem, among other defendants, was immune from suit for damages and that the conclusory allegations in the complaint of conspiracy and bad faith were insufficiently specific to state a claim under Section 1983 for injunctive relief), *cert. denied*, No. 18-5476, 2018 WL 3744796 (U.S. Oct. 9, 2018).

Finally, regardless of whether Judge Stoddard is a state actor and irrespective of whether his actions were legally unsupported, he is entitled to absolute immunity in this action. Judges and judicial employees are entitled to absolute judicial immunity as to damages claims. *See Mireles v. Waco*, 502 U.S. 9, 9–10 (1991) (per curiam) (judge performing judicial functions is absolutely immune from suit seeking monetary damages even if acting erroneously, corruptly or in excess of jurisdiction); *Collyer v. Darling*, 98 F.3d 211, 221 (6th Cir. 1996). The claims against Judge Stoddard are based entirely on actions taken in his judicial capacity in the underlying state-court child-custody proceeding. He is absolutely immune from suit for damages in connection with those actions. In addition, the 1996 amendments to Section 1983 extended absolute immunity for state judges to requests for injunctive or equitable relief. *See* 42 U.S.C. § 1983 ("[I]n any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable."); *see also Kipen v. Lawson*, 57 F. App'x 691 (6th Cir. 2003) (discussing federal judges' immunity). In short, all claims against Judge Stoddard must be dismissed based upon immunity.

**IV. Conclusion and Order**

For the reasons set forth herein, Plaintiff is **GRANTED** leave to proceed in forma pauperis. However, this action is **DISMISSED**. The claims against Rodriguez and Palchak are **DISMISSED WITH PREJUDICE** for failure to state a claim for which relief may be granted. The claims

7

against Judge Stoddard are **DISMISSED WITH PREJUDICE** on the grounds of absolute judicial immunity.

This is the final order in this action, and the Clerk shall enter judgment in accordance with Fed. R. Civ. P. 58.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE